(152 App. Div. 462.)

PETTIT et al. v. BROOKLYN DEVELOPMENT CO.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

VENDOR AND PURCHASER (§ 95*)—CONTRACTS TO CONVEY—CONDITIONS—
WAIVER.

> Under a contract to convey on payment by the purchaser of fixed
> installments, with provision that, on her death before full payment, con-
> veyance should be made to her personal representatives, without further
> payment, if no installment should at any time have been in arrears
> more than 30 days, a reserved right to forfeit the contract was waived
> by the vendor receiving payments from the purchaser after they were in
> arrears more than 30 days, but right of the personal representatives to
> a conveyance without full payment, on the purchaser's death, was lost
> through the delinquency in making payments.

> [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§
> 158-160; Dec. ·Dig. § 95.*]

Appeal from Trial Term, Kings County.

Action by Wyllys E. Pettit and another, as executors of Lina S.
Pettit, against the Brooklyn Development Company. Judgment dis-
missing the complaint, and plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and
RICH, JJ.

Wm. King Hall, of New York City, for appellants.

Edward M. Grout, of Brooklyn (James F. McKinney, of New
York City, on the brief), for respondent.

THOMAS, J. The defendant and one Pettit agreed that the lat-
ter would pay presently and by monthly installments named sums
until the whole purchase price of land was paid, and that the con-
veyance should be made to the vendee's heirs or representatives,
without further payment in case of her death before the whole sum
should have been paid. But such conveyance upon her death was
conditioned, among other things, upon this:

"That the payment on said lot shall not at any time have been more than
30 days in arrears."

On two occasions payments were in arrears for more than 30
days, and the default as regards the death provision was not waived,
unless by acceptance of the delayed payments. The contract made
default in payment of 30 days a ground of forfeiture of the whole
contract at the vendor's option, and the abatement of the price at
death enforceable only on the condition of performance of things
specified with precision. The contract in its entirety was not for-
feitable for default, unless the vendor did something equivalent to
a re-entry, and acceptance of the belated installment was a waiver
of the failure to make this payment. But the right to save the un-
paid balance at death was earned only by the performance of the
conditions that initiated and continued the right in operation. In
the one case, the vendor stipulated to exercise an option to forfeit;
in the other, conveyance notwithstanding the unpaid balance rested

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon a condition precedent to be performed by the vendee, and no affirmative act or option of the vendor came into play. The land is deemed worth the purchase price, and an inducement to pay it was the ability to have it by prompt payment during life, whether the aggregate sum paid was all or part of that promised. The vendor was not insuring payment on a life, but providing a method which, if observed, would enable the vendee, dying, to transmit the land with the purchase price paid. The failure to earn this right did not end the contract. That survived all forgiven defaults; but the right to the lesser price had its own several conditions, and did not outlive nonperformance.

The contract had this alternative feature: That the price to the vendee, living, was $1,040, if she paid according to the stipulation, or default thereof was not declared; but it was whatever she had paid, if she had performed each one of several named conditions. As already stated, the contract outlived a waived default; but the right to limit payments to the vendee's life was in abrogation of further performance by vendee, and the money to be gained by it could only be earned by doing what the parties agreed should be done for that purpose.

The plaintiff's contention is that the lesser price obtains upon death, inasmuch as the vendor ventured to accept payments after default. This requires the defendant to forfeit on the first default or submit to convey at the vendee's death. But that was not the agreement, for the parties stipulated that the vendor might, on default, at its option forfeit the contract. It did not undertake that the acceptance of the money would keep the conditional stipulation alive. That was separately treated, and required performance by the vendee.

The judgment should be affirmed, with costs. All concur.